# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMA JEAN KING,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF SOCIAL<br>SECURITY ADMINISTRATION,<br><br>    Defendant. | Case No. CV 09-8742 JCG<br><br>**MEMORANDUM OPINION AND ORDER** |

## I.
## INTRODUCTION AND SUMMARY

On December 1, 2009, plaintiff Norma Jean King ("Plaintiff") filed a complaint against defendant Michael J. Astrue ("Defendant"), the Commissioner of the Social Security Administration, seeking review of a denial of supplemental security income ("SSI"). [Docket No. 3.] On March 15, 2010, Defendant filed his answer, along with a certified copy of the administrative record ("AR"). [Docket Nos. 15, 17.]

Plaintiff submitted a brief in support of her complaint ("Plaintiff's Brief") on April 8, 2011. [Docket No. 28.] On June 8, 2011, Defendant submitted his

opposition brief ("Defendant's Brief"). [Docket No. 31.]

In sum, having carefully studied, *inter alia*, the parties' written submissions and the administrative record, the Court concludes that, as detailed herein, the Administrate Law Judge inappropriately discounted Plaintiff's subjective complaints about the severity of pain and her limitations. The Court remands this matter to the Commissioner in accordance with the principles and instructions enunciated in this Memorandum Opinion and Order.

## II.

## **PERTINENT FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff, who was 64 years of age on the date of her administrative hearing, has completed high school. (*See* AR at 22, 80, 98.) Her past relevant work includes employment as a shipping and receiving clerk and as a stock clerk. (*Id.* at 27-29, 95.)

Plaintiff filed for SSI on March 19, 2007, alleging that she has been disabled since December 1, 2006 because of hearing loss, a tumor in her left ear, hepatitis, carpal tunnel syndrome, and an injury to her right shoulder. (AR at 80, 93-94.) At her hearing, Plaintiff changed the onset date to March 19, 2007. (*Id.* At 24-25.) Plaintiff's application was initially denied after which she filed a timely request for a hearing. (*Id.* at 51-54, 56, 57-62.)

On March 30, 2009, Plaintiff, represented by counsel, appeared and testified at a hearing before an ALJ. (AR at 22-47.) The ALJ also heard testimony from Mr. Jones[1], a vocational expert ("VE"). (*Id.* at 27-38.)

On May 12, 2009, the ALJ denied Plaintiff's request for benefits. (AR at 11-17.) Applying the well-known five-step sequential evaluation process, the ALJ found, at step one, that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of disability. (*Id.* at 13.)

---

[1] Mr. Jones first name is not provided at any point in the record.

At step two, the ALJ found that Plaintiff "had the following severe impairments: right shoulder tendinitis; chronic obstructive pulmonary disease; and bilateral hearing loss." (AR at 13.)

At step three, the ALJ determined that the evidence does not demonstrate that Plaintiff's impairment, either individually or in combination, meet or medically equal the severity of any listing set forth in the Social Security regulations.[2] (AR at 13.)

The ALJ then assessed Plaintiff's residual functional capacity[3] ("RFC") and determined that she was limited to performing medium work. (AR at 13-14.) The ALJ limited Plaintiff from performing "any work involving concentrated exposure to dust, fumes, temperature extremes, or noisy environments, and work involving exposure to hazards, and any work where good hearing is required." (*Id.* at 14.)

The ALJ determined, at step four, that Plaintiff has the ability to perform her past relevant work. (AR at 16.) Thus, the ALJ concluded that Plaintiff was not suffering from a disability as defined by the Act. (*Id.* at 11, 17.)

Plaintiff filed a timely request for review of the ALJ's decision, which was denied by the Appeals Council. (AR at 1-3, 7.) The ALJ's decision stands as the final decision of the Commissioner.

### III.

### STANDARD OF REVIEW

This Court is empowered to review decisions by the Commissioner to deny

---

[2] *See* 20 C.F.R. pt. 404, subpt. P, app. 1.

[3] Residual functional capacity is what a claimant can still do despite existing exertional and nonexertional limitations. *Cooper v. Sullivan*, 880 F.2d 1152, 1155 n. 5 (9th Cir. 1989). "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." *Massachi v. Astrue*, 486 F.3d 1149, 1151 n. 2 (9th Cir. 2007).

benefits. 42 U.S.C. § 405(g). The findings and decision of the Social Security Administration must be upheld if they are free of legal error and supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001, *as amended* Dec. 21, 2001). If the court, however, determines that the ALJ's findings are based on legal error or are not supported by substantial evidence in the record, the court may reject the findings and set aside the decision to deny benefits. *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d 1144, 1147 (9th Cir. 2001).

"Substantial evidence is more than a mere scintilla, but less than a preponderance." *Aukland*, 257 F.3d at 1035. Substantial evidence is such "relevant evidence which a reasonable person might accept as adequate to support a conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276 F.3d at 459. To determine whether substantial evidence supports the ALJ's finding, the reviewing court must review the administrative record as a whole, "weighing both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes*, 276 F.3d at 459. The ALJ's decision "'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Aukland*, 257 F.3d at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). If the evidence can reasonably support either affirming or reversing the ALJ's decision, the reviewing court "'may not substitute its judgment for that of the ALJ.'" *Id*. (quoting *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992)).

## IV.

## ISSUES PRESENTED

Three disputed issues are presented here:

1. whether the ALJ erred in determining the credibility of Plaintiff, (Plaintiff's Brief at 2-13; Defendant's Brief at 2-7);

2. whether the ALJ properly considered the combined effects of Plaintiff's impairments when determining her RFC, (Plaintiff's Brief at 13-16; Defendant's

Brief at 7-9); and

3. whether the ALJ properly determined that Plaintiff could perform her past work. (Plaintiff's Brief at 16-19; Defendant's Brief at 9-10.)

At this juncture, the Court finds the issue of Plaintiff's credibility to be dispositive of this matter, and does not reach the remaining issues.

## V.

## **DISCUSSION AND ANALYSIS**

Plaintiff argues that the ALJ only gave conclusory statements in rejecting Plaintiff's statements and credibility. (Plaintiff's Brief at 11-12.) Plaintiff asserts that by only providing conclusory statements, the ALJ failed to provide clear and convincing reasons for rejecting Plaintiff's testimony. (*Id.* at 11-12, 12-13.) Plaintiff maintains that there is sufficient evidence in the record to support Plaintiff's claims. (*See generally id.* at 3-11.)

A. The ALJ Must Provide Clear and Convincing Reasons For Discounting Plaintiff's Subjective Complaints

Plaintiff, of course, carries the burden of producing objective medical evidence of his or her impairments and showing that the impairments could reasonably be expected to produce some degree of the alleged symptoms. *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1040 (9th Cir. 2003). But once a plaintiff meets that burden, medical findings are not required to support the alleged severity of pain. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (*en banc*); *see also Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997, *as amended* Sept. 17, 1997) ("[A] claimant need not present clinical or diagnostic evidence to support the severity of his pain.") (internal citation omitted).

Under these circumstances, an ALJ can then reject a plaintiff's subjective complaint "only upon (1) finding evidence of malingering, or (2) expressing clear and convincing reasons for doing so." *Benton*, 331 F.3d at 1040. The ALJ may consider the following factors in weighing a plaintiff's credibility:

1. (1) his or her reputation for truthfulness;
2. (2) inconsistencies either in the plaintiff's testimony or between the plaintiff's testimony and his or her conduct;
3. (3) his or her daily activities;
4. (4) his or her work record; and
5. (5) testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which she complains. *Thomas v. Barnhart*, 278 F.3d 947, 958-59 (9th Cir. 2002).

Here, the ALJ did not find evidence of malingering. (*See generally* AR at 21-28). Thus, the ALJ's reasons for rejecting Plaintiff's credibility must rest on clear and convincing reasons. *See Benton*, 331 F.3d at 1040. "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995, *as amended* April 9, 1996); *Reddick*, 157 F.3d at 722.

B. Plaintiff's Subjective Complaints

In a pain questionnaire, Plaintiff wrote that she suffered from pain in both arms, and shoulders, in her left hand, and in her left ear. (AR at 100.) Plaintiff said that the pain occurred "on and off all day, and at night [its] constant." (*Id.*) Plaintiff reported that she was unable to perform past activities such as cleaning the entire house, shopping, pushing a vacuum cleaner or grocery cart, picking up shopping bags, and working on a computer. (*Id.* at 101.) Plaintiff claimed that she can only perform light chores. (*Id.*) Plaintiff mentioned that she is only able to sit for two or three hours at a time and stand for about an hour. (*Id.* at 102.)

In a disability report, Plaintiff complained that she has no hearing in her left ear and lost forty-percent of her hearing in her right ear. (AR at 108.) Plaintiff also said that she specifically suffered from hepatitis and carpal tunnel syndrome in addition to her other physical maladies. (*Id.* at 93-94.)

Plaintiff testified that she can hear well enough out of her right ear if she is "looking at [the person speaking] and there's not a lot of noise involved, [Plaintiff] can understand what [the person speaking is] saying." (AR at 38.) Plaintiff noted that she has difficulty hearing on the telephone. (*Id.* at 39.) Plaintiff said that she was unable to afford hearing aids. (*Id.*) Plaintiff displayed a brace on her left hand which she said she needs to help with the pain, numbness, and tingling that results from her carpal tunnel syndrome. (*Id.* at 40.)

C. <u>ALJ's Purported Reasons For Discounting Plaintiff's Credibility</u>

In rejecting Plaintiff's credibility, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the . . . residual functional capacity assessment." (AR at 16.) The ALJ said that the "medical evidence does not support the limitations and restrictions alleged by the claimant." (*Id.*)

The ALJ dismissed Plaintiff's auditory complaints by saying that Plaintiff had no difficulty during her administrative hearing, that one doctor found Plaintiff's hearing was normal, and that Plaintiff would be able to function if she wore hearing aids. (AR at 16.) The ALJ did not accept Plaintiff's testimony about her carpal tunnel syndrome because there was not "medical confirmation." (*Id.*) The ALJ also rejected Plaintiff's statements about her carpal tunnel syndrome, saying that it would have "no significant effect on [Plaintiff's] functioning" because the injury is on her left hand and Plaintiff is right-handed. (*Id.*)

D. <u>ALJ Inappropriately Discounted Plaintiff's Credibility</u>

After a careful review of the medical record and the parties' papers, the Court has considered the ALJ's reasons for finding Plaintiff not credible, and concludes that a remand is warranted on this issue. Three reasons guide this Court's determination.

First, the ALJ erred to the extent she rejected Plaintiff's credibility based on a lack of objective medical evidence. (*See* AR at 16.) Plaintiff provided sufficient medical evidence of an underlying impairments that was reasonably likely to cause the symptoms and limitations she described. For instance:

1. An examination report for Plaintiff's hearing, performed by James Montagano, M.D. ("Dr. Montagano) on May 31, 2007, stated that Plaintiff has "a moderate sensorineural loss on the right secondary to presbycusis and a profound mixed loss on the left secondary to the experience of a glomus tympanicum and subsequent surgery to remove it, as well as presbycusis." (AR at 249.) The same report also said that Plaintiff is a candidate for "binaural" hearing aid use. (*Id.*)

2. An audiological evaluation report, written by Patricia Keane, M.A. ("Dr. Keane") on May 31, 2007, said that an "[a]udiologic evaluation is consistent with a bilateral sensorineural hearing loss mild to severe in the right ear and severe to profound in the left ear." (AR at 250.)

3. A physical therapy assessment, dated April 19, 2007, noted that Plaintiff tested positive on the her right shoulder. (AR at 294.) The same assessment also mentioned that Plaintiff was tender to palpation at the right supraspinatus and biceps tendon. (*Id.*) Plaintiff was referred to physical therapy for her injury. (*Id.* at 298.)

4. A treating physician report, compiled by R.D. San Diego, BSN., Oleg Melamed, MD., and Leo G. Maffey, MD. on February 27, 2007, tested and diagnosed Plaintiff with carpal tunnel syndrome. (AR at 221, 224.)

5. Surgery notes, issued on May 3, 2007, describing that Plaintiff had a "[g]lomus tympanicum extending off the cochlear process." (AR at 307.) The notes also describe the entire procedure that Plaintiff had in order to fix her hearing. (*See id.* at 307-08.)

Because Plaintiff produced sufficient medical evidence of underlying impairments that were likely to cause ear problems, shoulder and hand pain the ALJ

erred to the extent she rejected Plaintiff's credibility based upon a lack of objective findings to support her allegations. *See Bunnell*, 947 F.2d at 345 ("[O]nce the claimant produces objective medical evidence of an underlying impairment, [the ALJ] may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain."); Social Security Ruling ("SSR") 96-7P,[4/] 1996 WL 374186, at *1 ("An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence.").

Second, the ALJ rejected Plaintiff's credibility about her hearing for three reasons: 1) because Plaintiff's impairment could be improved by hearing aids; 2) because Sahniah Siciarz-Lambert, M.D. ("Dr. Siciarz-Lambert") found Plaintiff could hear effectively absent hearing aids; and 3) because the ALJ did not observe that Plaintiff had any difficulty at her hearing. (AR at 16.) The ALJ did not provide clear and convincing reasons for rejecting Plaintiff's credibility on this issue. Plaintiff testified that she was unable to afford hearing aids. (*Id.* at 39.) An ALJ may not reject a claim on the basis of failing to seek treatment when the claimant is unable to afford it. *See Meeks v. Astrue*, 319 Fed. Appx. 523, 525 (9th Cir. 2009) (*citing Gamble v. Chater*, 68 F.3d 319, 321 (9th Cir. 1995)).

The ALJ also relied on Dr. Siciarz-Lambert's conclusion that Plaintiff did not require any hearing aids. (AR at 257.) However, in doing so, the ALJ rejects the

---

[4/] "The Commissioner issues Social Security Rulings [("SSRs")] to clarify the Act's implementing regulations and the agency's policies. SSRs are binding on all components of the SSA. SSRs do not have the force of law. However, because they represent the Commissioner's interpretation of the agency's regulations, we give them some deference. We will not defer to SSRs if they are inconsistent with the statute or regulations." *Holohan v. Massanari*, 246 F.3d 1195, 1203 n. 1 (9th Cir. 2001) (internal citations omitted).

9

opinions of Drs. Montagano and Keane, who both said that Plaintiff requires hearing aids. (*See id.* at 249, 250.) In order to reject the opinions of an examining physician, the ALJ must provide specific and legitimate reasons for doing so, which in this case, did not occur. *See Lester*, 81 F.3d at 830-31.

The ALJ also determined that Plaintiff could hear adequately based off of her observations at Plaintiff's hearing. (AR at 16.) Although an ALJ's personal observation may form part of a determination, it can not, standing alone, support a determination that a claimant is not credible. *Reinsertson v. Barnhart*, 127 Fed. Appx. 285, 290 (9th Cir. 2005) (*citing Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)). Additionally, the ALJ's observation was not inconsistent with Plaintiff's testimony. Plaintiff said that she was able to hear during the administrative hearing because the room was quiet enough but that she had difficulty hearing in louder environments and on the telephone. (AR at 38-39.) The ALJ observed at the hearing that Plaintiff had difficulty talking over the telephone. (*Id.* at 39.) The ALJ may not selectively pick evidence to support her rejection of Plaintiff's testimony. *See Reddick*, 157 F.3d at 722-23.

Third, the ALJ found Plaintiff's statements regarding her carpal tunnel syndrome were not credible for two reasons: 1) there was no medical confirmation that Plaintiff has carpal tunnel syndrome; and 2) Plaintiff was right-handed, and the injury was on her left hand, so there would be no significant effect on her functioning. (AR at 16.) Plaintiff was evaluated at the Olive View-UCLA Medical Center for hand pain. (*Id.* at 221.) Plaintiff was tested and diagnosed there. (*Id.* at 221.) Plaintiff was diagnosed with carpal tunnel syndrome. (*Id.* at 221, 224.) Unless the ALJ provides specific and legitimate reasons for rejecting those treating doctors' opinion, the diagnosis of carpal tunnel syndrome should not be discounted. *See Lester*, 81 F.3d at 830-31.

Furthermore, the ALJ rejected Plaintiff's statements because the injury was on Plaintiff's left hand when Plaintiff was right-handed. (AR at 16.) The ALJ

concluded that Plaintiff's injury would have no significant effect on her. (*Id.*) The ALJ has improperly substituted his own interpretation of the evidence without setting forth sufficient authority or medical evidence to support her interpretation. *See Tackett v. Apfel*, 180 F.3d 1094, 1102-03 (9th Cir. 1999) (ALJ may not substitute his own interpretation of the medical evidence for the opinion of meidical professionals); *Banks v. Barnhart*, 434 F. Supp. 2d 800, 805 (C.D. Cal. 2006) ("An ALJ cannot arbitrarily substitute his own judgment for competent medical opinion, and he must not succumb to the temptation to play doctor and make his own independent medical findings.") (internal quotation marks, alterations and citations omitted). Additionally, Plaintiff wrote that she was unable to lift or carry items or use a computer. (AR at 101.) Even if the ALJ's assessment was correct, Plaintiff could be limited in her ability to work certain jobs, such as her past jobs which required carrying goods and working on a computer. (*Id.* at 95.) Thus, Plaintiff's injury could have a significant effect on her ability to work.

The ALJ determined that Plaintiff suffered from a severe impairment of chronic obstructive pulmonary disease ("COPD"). (AR at 13.) However, the ALJ found that Plaintiff was not credible for this condition since she "exacerbated [it] by continuing to smoke." (*Id.* at 16.) Plaintiff did not object to the ALJ's determination of her COPD in her brief. (*See generally* Plaintiff's Brief at 2-13.) The Court will only review issues that are argued specifically in a party's brief. *Heide v. Astrue*, 369 Fed. Appx. 775, 777 (9th Cir. 2010) (*quoting Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994)). Therefore, the Court does not address this issue.

## VI.
## **REMAND IS APPROPRIATE**

This Court retains discretion to remand or reverse and award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989, *as amended* Oct. 19, 1989). Where no useful purpose would be served by further proceedings, or where the

record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000, *as amended* May 4, 2000), *cert. denied*, 531 U.S. 1038 (2000). Where there are outstanding issues that must be resolved before a determination can be made, and it is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke*, 379 F.3d at 595-96; *Harman*, 211 F.3d at 1179-80.

Here, there are outstanding issues which must be resolved before a final determination can be made. On remand, the ALJ shall reconsider Plaintiff's subjective complaints and the resulting functional limitations, and either credit Plaintiff's testimony or provide clear and convincing reasons supported by substantial evidence for rejecting them. In addition, the ALJ shall reassess the medical opinions in the record and provide sufficient reasons under the applicable legal standard for rejecting any portion of the medical opinions. If necessary, the ALJ shall obtain additional information and clarification regarding Plaintiff's functional limitations. Further, the ALJ shall then proceed through steps three through four and, with the assistance of a vocational expert, reassess his step five determination.

///
///
///
///
///
///
///
///
///

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **REVERSING** the decision of the Commissioner denying benefits and **REMANDING** the matter for further administrative action consistent with this decision.

Dated: June 22, 2011

_____
Hon. Jay C. Gandhi
United States Magistrate Judge